THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Axcess Global Sciences LLC, a Utah Limited Liability Company,<br><br>                Plaintiff,<br>v.<br><br>Nutriana, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:25-cv-01038-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Axcess Global Sciences, LLC, (AGS) moves the court for an order allowing Plaintiff to use alternative service for Defendant Jonathan Jesper. AGS seeks to serve Jesper via email and social media under Federal Rule 4(e)(1). As set forth herein the court grants the motion.

## BACKGROUND

This case concerns the enforcement of a settlement agreement between the parties. On November 10, 2024, the parties resolved AGS's claims of patent infringement and entered into a written settlement agreement. According to the agreement, Defendants were jointly and severally obligated to make 28 payments totaling $212,400. Defendants made the first ten payments, but then failed to make the required payments and AGS filed suit after providing the required ten-day period to cure. Defendants allegedly still owe AGS $150,400 under the agreement, plus additional costs and expenses incurred by AGS in enforcing the agreement.

Plaintiff served Defendants Nutrianna, LLC and One Family LLC, at their registered address. AGS's process server, however, was unable to serve Jesper at the address he provided in the agreement where he could receive notices. An unknown individual not associated with Jesper

lives at that address. Plaintiff notes that Jesper "is a savvy online digital creator, with a strong digital footprint on platforms such as LinkedIn, Facebook, YouTube, X, and other websites."[1]

## DISCUSSION

The party seeking service by alternate means "need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."[2] The alternate means of service must comport with due process. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[3]

Under the Federal Rules the court may allow service as permitted by Utah Law.[4] Utah law provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[5]

"A determination of reasonable diligence … properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved,

---

[1] Motion at 3.

[2] *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

[3] *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

[4] *See* Fed. R. Civ. P. 4(e)(1) (noting that an individual "may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[5] Utah R. Civ. P. 4(d)(5)(A).

2

the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts ...." [6]

This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[7]

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought.... [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[8]

Plaintiff attempted to serve Jesper at the address listed in the settlement agreement, but an unknown resident named Vitoria lives at the address and has been there for one year.[9] Following the unsuccessful attempt, counsel for Plaintiff did research discovering that Jesper claims to be an online digital creator. Plaintiff's counsel has identified several online profiles of Jesper and these profiles support and promote his online businesses, which are codefendants in this case. In addition, Jesper is the owner of Nutriana, which also uses an email in connection with its online business.

Given the inability to serve Jesper, AGS proposes service of its Complaint by sending the Summons, Complaint, and a copy of the court's order to the following email addresses and social media accounts:

---

[6] *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.,* 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs,* 100 P.3d 1211, 1215 (Utah 2004)).

[7] *Id.*

[8] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).

[9] *See* Declartion of Brian N. Platt In Support of Plaintiff's Ex Parte Motion for Service by Alternative Means, ECF No. 14 at 2.

- koshea@oshealawllc.com

- info@shopnutriana.com

- https://www.linkedin.com/in/jonathan-jesper-a4b12781/

- https://www.facebook.com/jonathan.jesper

Plaintiff argues service by email and social media comports with the constitutional notions of due process because it is "reasonably calculated to give notice to Jesper."[10] The court agrees. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[11] Courts have previously allowed service by email.[12] Serving Defendant via email and his social media accounts is reasonably calculated under the circumstances to apprise Jesper of this suit. The Motion therefore is granted.

## ORDER

Based upon the foregoing, the court hereby orders

1. The Motion is GRANTED.

2. Within 21 days from the date of this Memorandum Decision and Order, AGS must

    a. Serve a copy of the Complaint, Summons, and a copy of this order on the email and social media accounts listed above.

3. Service on Jesper shall be deemed complete upon AGS sending the above-referenced materials to the emails and social media accounts.

---

[10] Motion at 4.

[11] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Jones v. Flowers*, 547 U.S. 220, 225 (2006) ("[D]ue process does not require actual notice ....").

[12] *See Blackbird Capital LLC v. Worth Group Capital, LLC*, No. 2:21-CV-00037, 2022 WL 464234 (D. Utah Feb. 15, 2022) (permitting service by email on defendant who was believed to be located in Canada); *Aplion Holdings v. Diversity Wound Solutions*, No. 2:20-cv-00139 (D. Utah Apr. 27, 2020), ECF 7 at 2 (finding email service through principal to be an appropriate means of alternative service).

4. AGS must promptly file proof of service with the court.

IT IS SO ORDERED.

      DATED this 7 January 2026.

                                              _____
                                              Dustin B. Pead
                                              United States Magistrate Judge